## Chagachbanian *v.* Fox  et al., Appellants.

*Brokers—Real estate—Commissions—Case for jury—Expression of opinion by the court.*

In an action of assumpsit to recover commissions earned upon the sale of real estate, under a written agreement whereby the plaintiff was to bring to the defendants all the business which he controlled and was to receive one-half the commissions on all the business which he introduced, it appeared that the property was placed with the defendants by the plaintiff. Later, the plaintiff procured the assistance of another firm, who finally arranged the sale of the property and turned over the commissions in question to the defendants. The fact whether the plaintiff secured the assistance of another firm, with the consent of defendants, was disputed. There was no evidence of an attempt by the plaintiff to serve two masters.

Under such circumstances the Court could not determine as a matter of law, that the plaintiff had forfeited his right to one-half the commissions, and properly submitted the case to the jury.

The question of fact being fairly submitted to the jury, it was not reversible error for the Court to express an opinion as to the probability of some of the statements of defendants.

Argued November 11, 1925. Appeal No. 252, October T., 1925, by defendants from judgment of the Court of Common Pleas No. 3, Philadelphia County, June

T., 1924, No. 8861, on verdict for plaintiff in the case of Kavork M. Chagachbanian, otherwise known as George Miller v. Daniel M. Fox, Henry L. Fox and Townsend Sharpless, trading as Daniel M. Fox and Sons. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for commissions earned on sale of real estate. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $587.50 and judgment thereon. Defendant appealed.

*Error assigned* was the charge of the Court.

*C. Oscar Beasley,* for appellants.

*Charles J. Weiss,* and with him *Henry Wessel, Jr.* and *Jerome Bennett,* for appellee.

OPINION BY PORTER, J., February 26, 1926:

The defendants, real estate brokers, entered into a written contract with the plaintiff, under the provisions of which the plaintiff was to have the courtesies and conveniences of the office of the defendants, "for the purpose of promoting and extending the business of selling and mortgaging real estate" of the defendants, and was to receive the sum of $6.00 per week for his current expenses, and one-half the commissions received on all business introduced by the plaintiff. The plaintiff covenanted, in the agreement, "to bring for execution and completion to said office (of the defendants) all the said business that he may control or acquire to the exclusion of any other office or agency". This action is brought by the plaintiff to recover one-half of the commissions alleged to have been received by the defendants from the sale of the property of one Yardumian, who had been brought to the office of

the defendants by the plaintiff. That Yardumian had been introduced to the defendants and the sale of the property placed in the hands of the latter through the instrumentality of the plaintiff was not denied, nor was it disputed that the property had been sold and the defendants received the amount of commission alleged. The plaintiff recovered a verdict and judgment in the court below and the defendants appeal.

The defendants asserted that the plaintiff had forfeited his right to the commission in question for the reason that he had violated the covenant of his agreement to bring to the office of the defendants for execution and completion all business that he might acquire "to the exclusion of any other office or agency". The evidence disclosed that the plaintiff had brought to the office of the defendants the said Yardumian who had placed in their hands the property for sale. The property had thus been in the hands of the defendants for some time and the plaintiff, as the representative of the defendants, was making efforts to obtain a purchaser, as, under the provisions of the written contract, was his duty. The plaintiff testified that after the property had been in the hands of the defendants for some months he was authorized by the defendants to arrange to procure the assistance of another firm of real estate brokers in bringing about a sale; that he did procure the assistance of the firm of Barber, Hartman & Co., doing so as the representative of these defendants; that Barber & Co., through another firm of brokers, succeeded in making sale of the property, and that upon completion of the transaction the defendants received the commission in question. Hartman, a member of the firm of Barber, Hartman & Co., was called as a witness and testified that the plaintiff when placing the property in the hands of that firm, did so as the representative of these defendants, and that he subsequently entered into correspondence

with the defendants and they agreed to a division of the commissions in case his firm accomplished a sale of the property. The witnesses on behalf of the defendants testified that they had not authorized the plaintiff to procure the assistance of Barber, Hartman & Co. in making sale of the property; that when the plaintiff informed them that he had done so, they objected, told him that he had violated his written agreement and that in case Barber, Hartman & Co. sold the property the plaintiff would not be entitled to any commissions, and that plaintiff acquiesced in that arrangement. The plaintiff denied that the arrangement testified to by the defendants had ever been made, and asserted that all his dealings with Barber, Hartman & Co. had been with the approval of the defendants. There was in this case no evidence of an attempt by the plaintiff to serve two masters. There was no suggestion that he was to receive any compensation from Barber, Hartman & Co. The defendants admitted that plaintiff had promptly reported to them the fact that he had placed the property in the hands of the other brokers. The case was not one in which the court could declare as matter of law that the plaintiff had forfeited his right to one-half of the commission. The disputed questions of fact were properly left to the jury.

Some of the assignments of error complain of recitals of testimony by the court, but no objection was made at the time. An examination of the testimony has convinced us that the court did not err in the matter. The court expressed an opinion as to the probability of some statements of the defendants, but not in such a manner as to infringe upon the functions of the jury, to which the questions of fact were fairly submitted. Having fully considered the evidence and the charge of the court we find no reversible error.

The judgment is affirmed.